**Electronically Filed
Intermediate Court of Appeals
30000
19-JUL-2011
07:49 AM**

NO. 30000

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee v.
MATTHEW WILLIAM MOORE, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 09-1-1395)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Matthew William Moore (Moore)
appeals from the July 15, 2009 judgment of the Family Court of
the First Circuit (family court),[1] convicting him of one count of
violating a temporary restraining order in violation of Hawaii
Revised Statutes (HRS) § 586-4 (2006 Repl. & Supp. 2009).  The
case arises from an incident involving Moore and his ex-
girlfriend (the complainant) as she waited at a bus stop.  Moore
was convicted following a jury trial.

On appeal, Moore asserts the following points of error:

(1) the family court (a) committed plain error by
failing to strike the testimony of the complainant and issue
cautionary instructions when the complainant twice referred to an
unrelated offense, and (b) erred in admitting into evidence

---

[1] The Honorable Patrick W. Border presided.

Defense Exhibit D which contained a list of other incidents and bad acts allegedly perpetrated by Moore against the complainant;

(2) Moore received ineffective assistance of trial counsel because his trial counsel (a) failed to move to strike the complainant's testimony about the other offense, and (b) admitted into evidence Defense Exhibit D; and

(3) the deputy prosecuting attorney committed prosecutorial misconduct in closing argument by asserting a personal opinion regarding the credibility of the complainant.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant statutory and case law, we resolve Moore's points of error as follows:

(1) The defense did not object when the complainant made references to another "incident" and to another "case" while testifying at trial. Because there was no objection at trial, we review for plain error Moore's contention that the family court should have struck these references and issued a cautionary instruction to the jury. Hawaiʻi Rules of Penal Procedure (HRPP) Rule 52(b);[2] State v. Nichols, 111 Hawaiʻi 327, 334, 141 P.3d 974, 981 (2006).

The complainant's first reference to another incident occurred during direct examination by the State. In explaining how she reported the incident with Moore at the bus stop, the complainant testified she first tried to call 911 on the day of the incident, then contacted the prosecutor's office the following Monday, and finally went to the police station located in Honolulu. She testified:

---

[2] **(b) Plain Error.** Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

```
Q [deputy prosecutor]: I'm sorry, March 6th?
* * * *
A [Complainant]:   So March 6th I came and, um -- I reported
                   two incident actually that day including
                   that one.
Q [deputy prosecutor]:   Okay.  And then after you reported
                   it and filed it with the police, do
                   you know what -- I'm sorry.  State
                   moves to -- withdraw that question.
```

(Emphasis added). The prosecution did not solicit information about the other incident from the complainant, there were no specifics about the other incident -- including whether it involved Moore -- and the deputy prosecuting attorney immediately moved on to a different line of questioning. The family court did not commit plain error by not striking the reference to the other incident and not issuing a cautionary instruction.

The complainant's second reference, this time to another "case," was made during cross-examination by defense counsel. The line of questioning dealt with whether the complainant, who is not a U.S. citizen, was seeking permanent citizenship under the Violence Against Women Act (VAWA). Defense counsel asked the complainant about assistance she solicited from her immigration attorney, Cheryl Tokunaga, and the complainant testified:

```
A [Complainant]:   Well, she -- Cheryl look and talk to, um -
                   - prosecuting office and that's what --
                   uh, Cheryl got advice to do this, to
                   proceed with this because we still have
                   another, um -- case as well.
Q [Defense counsel]: Okay. Nuan --
A [Complainant]:   So she think that thi -- this two case
                   would be longer and it's necessary to help
                   the authority to prosecute.
```

(Emphasis added). The complainant's reference to the other case was again brief and did not contain any specifics, including whether the other case involved Moore. Further, the defense's theory of the case was that the complainant was falsely accusing Moore because she wanted to gain citizenship pursuant to the VAWA, and thus her testimony about another case with her immigration attorney is relevant to this theory. There was no

plain error by the family court in not striking the reference to a second case and not issuing cautionary instructions.

Moore also asserts that it was error for the family court to admit into evidence Defense Exhibit D, an email that the complainant sent to people she knew requesting supporting letters for her immigration application for a U-visa under the VAWA. The third page of the email suggests that the recipients may have witnessed or heard about certain actions or conduct by Moore that are then listed on that page. Defense Exhibit D was submitted into evidence by the defense and discussed extensively by defense counsel. Because this exhibit was central to the defense's theory of the case, the family court did not commit plain error by admitting it.

(2) Moore argues that he was denied effective assistance of counsel because his trial counsel failed to object to the complainant's testimony regarding the "other incident" and the "other case," and further, his trial counsel admitted Defense Exhibit D into evidence.

For claims of ineffective assistance of counsel, we consider "whether, viewed as a whole, the assistance provided was within the range of competence demanded of attorneys in criminal cases." Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994) (internal quotation marks, citation, and brackets omitted). Moreover, "matters presumably within the judgment of counsel, like *trial strategy*, will rarely be second-guessed by judicial hindsight." State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) (internal quotation marks and citation omitted) (emphasis in original). The Hawai'i Supreme Court has articulated the burden on a defendant bringing an ineffective assistance of counsel claim as follows:

> The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test:  1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.  To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (internal quotation marks, citations, and footnote omitted).

In the instant case, Moore fails to meet his burden in establishing how the complainant's two fleeting references to a separate incident and another case led to either the withdrawal or substantial impairment of any meritorious defense.  See State v. Edwards, 81 Hawai'i 293, 300, 916 P.2d 703, 710 (1996). Rather, as the State points out, evidence that the complainant reported another incident to the police or that she had another case with her immigration attorney were both consistent with the defense's theory of the case.

Additionally, trial counsel's decision to enter Defense Exhibit D into evidence, including the third page, was part of the trial strategy in presenting the defense's theory that the complainant was making the allegations against Moore to obtain a visa under the VAWA.  Moore argues on appeal that his trial counsel did not need to include the third page which contained the list of bad acts by Moore.  However, the third page of the email first states "in my case[,] [y]ou may have witnessed or heard that[,]" and then proceeds to list Moore's other alleged bad acts.  Given the defense theory, this page purportedly shows the complainant was providing suggested content for the support letters she was requesting.  In closing argument, defense counsel argued:

> [The complainant] did a lot of work about sending an e-mail to her friends and family that you'll get when you folks get back into deliberation. You'll have an opportunity to read that e-mail that was admitted into evidence.
>
> Soliciting. Defining what could be abuse. Her motive was to gain citizenship permanently in the United States. Because she couldn't marry him. Because after all, they didn't get married. Didn't even get a fiancee visa.
>
> But when you know the violence against women's act, when you know what type of e-mail to send and how to define things, it's a planned out motive. And her motive was very clear during the evidence yesterday and today.

In reviewing for ineffective assistance of counsel, trial strategy should rarely be second-guessed by judicial hindsight. See State v. Richie, 88 Hawai'i at 39, 960 P.2d at 1247 (1998); State v. Onishi, 64 Haw. 62, 63, 636 P.2d 742, 743 (1981). Here, defense counsel sought to challenge the complainant's motive in accusing Moore and utilized complainant's email to demonstrate her alleged motive. Unlike State v. Smith, 68 Haw. 304, 712 P.2d 496 (1986), where defense counsel introduced the defendant's extensive criminal record and the defense hinged on defendant's credibility, we cannot say that the trial strategy in the instant case should be second-guessed. Accordingly, it was not ineffective assistance of counsel for Moore's trial counsel to admit Defense Exhibit D into evidence.

(3) Moore asserts that the deputy prosecuting attorney committed prosecutorial misconduct in closing argument by asserting a personal opinion regarding the credibility of the complainant. Moore takes issue with the following remarks of the deputy prosecutor: "We heard a lotta testimony from [the complainant] yesterday and then today. I think bottom line [she] has absolutely no motive to lie. She has no motive . . . to make up a story that there has been a violation of a temporary restraining order." (Emphasis added). Moore argues that the deputy prosecutor's personal opinion, stating what she "thinks," was an improper bolstering of the complainant's credibility that prejudiced Moore's case.

Moore's trial counsel did not object to these remarks and thus the plain error rule applies. See State v. Iuli, 101 Hawai'i 196, 204, 65 P.3d 143, 151 (2003) ("Where a defendant fails to object to a prosecutor's statement during closing argument, appellate review is limited to a determination of whether the prosecutor's alleged misconduct amounted to plain error.") (citation omitted).

Prosecutors are permitted wide latitude in discussing the evidence at trial.

> With regard to the prosecution's closing argument, a prosecutor is permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence. It is also within the bounds of legitimate argument for prosecutors to state, discuss, and comment on the evidence as well as to draw all reasonable inferences from the evidence.

State v. Rogan, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999) (citation and internal quotation marks omitted); see also State v. Clark, 83 Hawai'i 289, 304, 926 P.2d 194, 209 (1996).

In Clark, the Hawai'i Supreme Court stated that "[i]t is generally recognized under Hawai'i case law that prosecutors are bound to refrain from expressing their personal views as to a defendant's guilt or the credibility of witnesses." 83 Hawai'i at 304, 926 P.2d at 209 (citation omitted). The rationale expressed for this prohibition is that "a prosecutor's improper suggestions, insinuations, and especially assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none." Id. (citation and internal quotation marks omitted). The Clark court held, however, that a prosecutor's reference to the defendant's testimony as a "cockamamie story" during closing arguments did not rise to the level of prosecutorial misconduct and thus refused to reach the question of plain error. Id. at 306, 926 P.2d at 211. The court reasoned that based upon the evidence in the case "the prosecutor was well within the limits of propriety to infer, and indeed argue, that Clark's denial of drug usage was improbable,

untruthful, and, in short, a 'cockamamie story.'" Id.; but see State v. Marsh, 68 Haw. 659, 728 P.2d 1301 (1986) (prosecutor's comments in closing argument, repeatedly expressing her personal opinion concerning defendant's guilt and credibility of defense witnesses, constituted plain error).

In this case, the deputy prosecutor's comment was addressing the defense's theory of the case (i.e., that the complainant made up the incident at the bus stop to obtain citizenship under the VAWA). Although prosecutors should refrain from stating personal opinions during closing arguments, the single use of the phrase "I think" in this case does not rise to the level of misconduct. The deputy prosecutor was commenting on the complainant's lack of motivation to lie and, immediately after making the challenged statement, discussed the evidence adduced at trial that the complainant did not need to make up the incident to get a visa or to remain in the United States.

Having determined that the prosecutor's statement does not rise to the level of misconduct, we do not reach the question of plain error. Clark, 83 Hawai'i at 306, 926 P.2d at 211.

Therefore,

IT IS HEREBY ORDERED that the July 15, 2009 judgment of conviction is affirmed.

DATED: Honolulu, Hawai'i, July 19, 2011.

On the briefs:

Linda C.R. Jameson
(Law Office of Linda C.R. Jameson)
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge